IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 25- 279 |
| v. | [UNDER SEAL] |
| ALPHA OMEGA PRIVETTE | |

**FILED**

NOV 1 2 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Barbara K. Doolittle, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession with intent to distribute 28 grams or more of cocaine base, and 10 grams or more of a mixture containing fentanyl and methylfentanyl, a fentanyl analogue, and a quantity of cocaine | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(B)(vi), and 841(b)(1)(C) |
| | From on or about July 16, 2025, to on or about July 17, 2025 | |
| Two | Possession of a firearm and ammunition by a convicted felon. | 18 U.S.C. § 922(g)(1) |
| | On or about July 17, 2025 | |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and (vi), and 841(b)(1)(C), to be established, the United States must prove the following essential elements beyond a reasonable doubt:

1.    That on or about the date(s) set forth, the defendant possessed with intent to distribute a controlled substance charged in the Indictment;

2.    That the defendant did so knowingly and intentionally;

3.    That cocaine and/or cocaine base and/or fentanyl is a Schedule II controlled substance, and/or that methylfentanyl is an analogue of fentanyl and a Schedule I controlled substance.

4.    That the mixture or substance containing a detectable amount of cocaine base was 28 grams or more, and/or the mixture or substance containing a detectable amount of methylfentanyl was 10 grams or more.

### B.    As to Count 2:

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the United States must prove the following essential elements beyond a reasonable doubt:

1.    That the defendant knowingly possessed a firearm and/or ammunition described in Count Two of the Indictment;

2.    That, as of the date the defendant possessed the firearm and/or ammunition, he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

2

3.      That, as of the date the defendant possessed the firearm and/or ammunition, the defendant knew he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4.      The defendant's possession was in or affecting interstate or foreign commerce.

### III. PENALTIES

A.      **As to Count 1:  possession with intent to distribute 28 grams or more of cocaine base (crack) and 10 grams or more of a fentanyl analogue (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(B)(vi)):**

1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.      A fine not to exceed $5,000,000.

3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

2.      A fine not to exceed $8,000,000.

3.      A term of supervised release of at least eight (8) years.

B.      **As to Count 2:  possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

1.      A term of imprisonment of up to 15 years.  However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both,

that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

    2.    A fine of up to $250,000.

    3.    A term of supervised release of up to three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies).

## IV.    MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.    RESTITUTION

Restitution is not applicable in this case.

## VI.    FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

*/s/ Barbara K. Doolittle*
BARBARA K. DOOLITTLE
Assistant U.S. Attorney
PA ID No. 204338

4